IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ALLEN JONES and             *
CHARLES MOTEN, JR.,         *
                            *
            Plaintiffs,     *
vs.                         *       No. 3:10-cv-00060-JJV
                            *
RICHARD BUSBY *et al.,*     *
                            *
            Defendants.     *

## MEMORANDUM AND ORDER

Plaintiffs were serving sentences at the Crittenden County Detention Facility at the time of the events giving rise to this lawsuit, and filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging various claims of constitutional violations. Following the screening required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), the Court directed service upon the Defendants. The Plaintiffs have been cautioned of their responsibilities under Local Rule 5.5(c)(2).[1] *See e.g.,* Doc. No. 20. An Evidentiary Hearing is scheduled for October 21, 2010 (Doc. No. 20), and Mr. Moten has filed a Motion to Amend (Doc. No. 24) seeking leave to add additional defendants and claims.

**A.     Plaintiff Allen Jones**

As a preliminary matter, the Court finds dismissal is proper for Plaintiff Allen Jones' claims, for failure to prosecute or otherwise comply with Local Rule 5.5(c)(2). Mail sent to Mr. Jones at the last-known address provided by him - the Crittenden County Jail - has been returned as undeliverable. *See* Doc. Nos. 19, 22, 23, 27, & 31. Mr. Jones does not appear in the inmate search

---

[1]Local Rule 5.5(c)(2) provides in pertinent part: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number."

list of the Arkansas Department of Correction, nor has his co-Plaintiff provided the Court with any other way in which to contact him.

Under these circumstances, the Court concludes that Mr. Jones has failed to comply with Local Rule 5.5(c)(2) and his Complaint should be dismissed.[2]

**B.    Motion to Amend by Plaintiff Moten**

Mr. Moten's "Motion to Amend" (Doc. No. 24) seeks leave to add several defendants: Supervisor Besealy, Nurse Lindsey, and Mrs. Bransiter. He states they are part of the "plot with the jail administration to not answer any grievances," and alleges that officers flushed his personal property, including pictures of his family, kids, girlfriend, and wife. Because Plaintiff does not state a claim for relief under section 1983 and therefore the amendment would be futile, the Court finds the Motion should be denied.

Generally, after a responsive pleading has been served, a party may amend its complaint under Rule 15 of the Federal Rules of Civil Procedure "only by leave of court," but "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). The United States Court of Appeals for the Eighth Circuit has specifically stated that under the liberal amendment policy of Rule 15, "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d

---

[2]*See also* FED. R. CIV. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

992, 995 (8th Cir. 2001); *Holloway v. Dobbs*, 715 F.2d 390 (8th Cir. 1983). In addition, a district court's denial of a plaintiff's motion to amend has been upheld when a plaintiff seeks to add claims unrelated to those claims previously raised. *See Wishon v. Gammon*, 978 F.2d 446, 448 (8th Cir. 1992)(holding that district court did not abuse its discretion in denying inmate plaintiff's motion to amend his complaint when he sought to add a claim unrelated to those previously raised and he could raise that claim in a different lawsuit).

Here, even if Besealy and Lindsey failed to follow internal policy with respect to the grievance procedure, it neither creates a constitutional right, nor does the failure to follow such a policy rise to the level of a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(finding no constitutional right violated by failure to process grievances); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Furthermore, a prisoner's claim regarding the loss of personal property does not state a constitutional claim for relief. In *Hudson v. Palmer*, 468 U.S. 517, 536 (1984), the United States Supreme Court held that when a state actor deprives an individual of personal property, there is no relief available under § 1983 if state law provides adequate post-deprivation remedies. In *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000)(unpublished table decision), the United States Court of Appeals for Eighth Circuit determined that a county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation remedy in state court and, thus, could not seek relief under § 1983. Specifically, the Court noted that one available remedy was a common-law conversion action for the wrongful possession or disposition of another's property. *Butler,* 208 F.3d at *1 (citing *McQuillan v. Mercedes-Benz Credit Corp*., 331 Ark. 242, 961 S.W.2d 729, 732 (1998)). *See also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993)(holding that a Missouri prisoner could not raise a § 1983 claim based upon the seizure and destruction of his

property because the prisoner "could have pursued a state deprivation remedy for the conversion of his property.") Here, Mr. Moten may still pursue these claims in state court, including small claims court. Because there is an adequate post-deprivation remedy available in state court, the Court declines to exercise pendent jurisdiction over this claim.

**C.      Conclusion**

IT IS THEREFORE ORDERED that:

1.      The claims of Plaintiff Allen Jones are DISMISSED without prejudice for failure to comply with Local Rule 5.5(c)(2), and he is dismissed as a party-Plaintiff; and

2.      The Motion of Plaintiff Charles Moten (Doc. No. 24) to amend his Complaint is DENIED without prejudice.

DATED this 9th day of August, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE